**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISAI JESUS ARCAYO MIRANDA, | ) Case No. 5:26-cv-01714-SP |
| | ) |
| Petitioner, | ) **MEMORANDUM OPINION AND** |
| | ) **ORDER GRANTING PETITION** |
| v. | ) |
| FERETI SEMAIA, et al., | ) |
| | ) |
| Respondents. | ) |
| | ) |
| _____ | ) |

**I.**

**INTRODUCTION**

On April 8, 2026, petitioner Isai Jesus Arcayo Miranda, a federal immigration detainee, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). Docket no. 1. Petitioner is being held at the U.S. Immigration and Customs Enforcement ("ICE") Processing Center in Adelanto, California ("Adelanto"). Petitioner contends his detention violates the Immigration and Nationality Act ("INA"), Administrative Procedure Act ("APA"), and his right to procedural and substantive due process under the Fifth Amendment. Petitioner seeks immediate release from immigration custody or, in the alternative, a bond hearing, as well as other declaratory and injunctive relief.

On April 15, 2026, respondents filed an Answer, stating they are not presenting an opposition argument. Docket no. 8. Petitioner filed a Reply on April 17, 2026. Docket no. 9.

For the reasons discussed below, petitioner's procedural due process claim merits habeas relief. The court therefore grants the Petition and issues a writ of habeas corpus requiring petitioner's immediate release from immigration custody along with other relief.

## II.

## BACKGROUND

Petitioner is a 30-year-old native and citizen of Peru. Petition ¶ 18.[1] Petitioner entered the United States on February 24, 2024 and was apprehended at the border. *Id*. ¶ 18, Ex. A. Petitioner was released from custody subject to supervision requirements, including periodic check-ins with ICE. *Id*. ¶ 18.

After his initial release from immigration custody, petitioner lived in Los Angeles, California with his partner, with whom he is expecting a child. *Id*. ¶¶ 19-20. Petitioner worked in construction and attended school at Los Angeles Technology Center. *Id*. ¶ 20. Petitioner complied with the conditions of his release, including appearing for ICE check-ins. *Id*. ¶ 19.

On February 3, 2026, petitioner appeared at a routine ICE check-in. *Id*. ¶ 21. During the check-in, ICE re-detained petitioner. *Id*. ¶ 22. Petitioner did not have prior notice that he would be detained, nor was he provided an explanation for the re-detention or an individualized custody determination. *Id*. ¶¶ 22-23, 28-29.

---

[1]    The Petition is signed only by petitioner's counsel and it is not verified by petitioner. The court therefore accepts the facts alleged in the Petition only: (1) for the purposes of Part II of this opinion if uncontested; (2) if supported by documents submitted by petitioner as part of the Petition; or (3) if the information could be within counsel's personal knowledge.

On March 25, 2026, in response to petitioner's request for a custody redetermination, an immigration judge found that court lacked jurisdiction over the request. *See id.*, Ex. B. Petitioner asserts that detention has inflicted significant hardship by separating him from his partner during her pregnancy. *Id.* ¶ 27.

### III.

### DISCUSSION

Petitioner raises two claims for relief, which are effectively four claims, namely, his detention violates: (1) the INA; (2) the APA; (3) his Fifth Amendment right to substantive due process; and (4) his procedural due process rights under the Fifth Amendment. Petition ¶¶ 58-84. Respondents do not provide any substantive response in their Answer. Instead, they state they "are not presenting an opposition argument at this time." Answer at 2.

**A.   This Court Has Jurisdiction Over the Claims in the Petition**

A federal district court may issue a writ of habeas corpus when a petitioner demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Here, petitioner argues he should be released from respondents' custody because his re-detention following his initial release violates the Due Process Clause of the Fifth Amendment, the INA, and the APA. *See* Petition ¶¶ 54-88. He has therefore properly invoked this court's habeas jurisdiction.

The INA contains several provisions that limit judicial review of immigration-related matters, including most notably 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and 1252(g). While § 1252(g) strips the court of jurisdiction to hear any claim "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," the Supreme Court has clarified that the language of § 1252(g) does not "sweep in any claim that can technically be said to 'arise from' the

three listed actions," but instead refers "to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (citation omitted).  The applicability of § 1252(b)(9), which works in conjunction with § 1252(a)(5) to channel certain immigration-related matters to the Courts of Appeals, has been limited in similar fashion. *See Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 19 (2020) (citation omitted); *see also Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 810-11 (9th Cir. 2020) ("Section 1252(b)(9) is also not a bar to jurisdiction . . . because claims challenging the legality of detention . . . are independent of the removal process.") (citations omitted).  Because petitioner is challenging his detention rather than any of the three actions listed above, 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and 1252(g) do not strip this court of jurisdiction.

**B.      Petitioner's Re-Detention Without Adequate Procedural Protections Violates Due Process**

The Due Process Clause of the Fifth Amendment prohibits the government from depriving an individual of liberty without due process of law.  U.S. Const. amend. V. "Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Federal courts "examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State . . . ; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted); *see also Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022) (applying the two-step inquiry).

**1.      Petitioner Has a Protected Liberty Interest**

The first step asks whether respondents have interfered with petitioner's protected liberty interest.  Petitioner argues he has a liberty interest in his release from immigration custody. *See* Petition ¶¶ 39-43.

Conditional release from custody may give rise to a protected liberty interest. *Young v. Harper*, 520 U.S. 143, 147-49 (1997). "Even when a statute allows the government to arrest and detain an individual, a protected liberty interest under the Due Process Clause may entitle the individual to procedural protections not found in the statute." *R.D.T.M. v. Wofford*, 2025 WL 2686866, at *4 (E.D. Cal. Sept. 18, 2025) (citing *Young*, 520 U.S. at 147-49); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973); *see Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). "Although in some circumstances the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions [of release].'" *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (citing *Morrissey*, 408 U.S. at 482).

In *Morrissey*, the Supreme Court explained that "[t]he liberty of a parolee enables him to do a wide range of things open to persons who have never been convicted of any crime." 408 U.S. at 482. "Subject to the conditions of [their] parole, [a parolee] can be gainfully employed and is free to be with family and friends and to form the other enduring attachments of normal life." *Id.* "[T]he liberty of a parolee, although indeterminate, includes many of the core values of unqualified liberty and its termination inflicts a 'grievous loss' on the parolee and often on others." *Id.*

This was petitioner's situation. He arrived in the United States in February 2024 and has resided here ever since. He has a partner with whom he is expecting a child, obtained employment, and attended school. Petition ¶ 20. Petitioner established a life for himself in the United States while released on parole and therefore has acquired a protected liberty interest in his release from immigration custody. *See e.g., Meneses v. Santacruz*, 811 F. Supp. 3d 1158, 1163 (C.D. Cal. 2025); *Mody v. Warden*, 2026 WL 51976, at *5-6 (C.D. Cal. Jan. 5, 2026); *Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1030 (N.D. Cal. 2025) ("petitioner has a liberty interest in his continued release on bond."); *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1046 (E.D. Cal. 2025); *R.D.T.M.*, 2025

5

WL 2686866, at *4-5; *Esquivel Pacheco v. LaRose*, 2026 WL 242300, at *6 (S.D. Cal. Jan. 29, 2026); *Osmonaliev v. Cantu*, 2025 WL 3637397, at *1 (D. Ariz. Dec. 16, 2025); *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321-22 (W.D. Wash. 2025).

>    **2.     Petitioner Was Entitled to a Pre-Deprivation Hearing Prior to Re-Detention Under the Due Process Clause**

"To determine what procedures are constitutionally sufficient to protect a liberty interest, the Court applies the three-part test established in *Mathews v. Eldridge . . . .*" *Pinchi*, 792 F. Supp. 3d at 1033 (citation omitted); *see also Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017) (applying the *Mathews* factors in the immigration context). The three factors considered by the court under *Mathews* are:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335 (citation omitted).

The first factor examines petitioner's private interest, here his interest in being free from detention. "Freedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citation omitted); *Hernandez*, 872 F.3d at 993 (holding it "is beyond dispute" that "freedom from imprisonment is at the core of the liberty protected by the Due Process Clause"). Petitioner has developed ties to the community since his arrival in the United States. He lives in Los Angeles with his partner, is expecting a child, is employed, and attends school. *See* Petition ¶ 20. Given his ties to family and ability to learn and work in the United States, petitioner has formed the "enduring attachments of normal life" described

in *Morrissey*.  As such, his personal interest in remaining out of immigration custody is extremely high.

The second factor examines the risk of erroneous deprivation of petitioner's liberty interest, as well as the value of additional procedural safeguards.  "The risk of an erroneous deprivation of liberty is high where, as here, petitioner has not received any bond or custody redetermination hearing."  *R.D.T.M.*, 2025 WL 2686866, at *6 (citation modified).  The Supreme Court has made clear that immigration proceedings are civil in nature and must be "nonpunitive in purpose and effect."  *Zadvydas*, 533 U.S. at 690.  Therefore, immigration detention must be justified by one of two regulatory goals – preventing risk of flight or danger to the community.  *Id.*  Respondents already made such a determination with respect to petitioner when they released him into the United States, concluding he presented neither a risk of flight nor danger to the community.  *See* 8 C.F.R. § 212.5(b) (requiring that a non-citizen "present neither a security risk nor a risk of absconding" before being granted parole).  Petitioner states he complied with his reporting requirements.  Petition ¶ 19.  Respondents do not contest this allegation.  Answer at 2.  Thus, "[g]iven the absence of any procedural safeguards to determine if [petitioner's] detention was justified, the probable value of additional procedural safeguards, i.e., a bond hearing, is high."  *R.D.T.M.*, 2025 WL 2686866, at *6 (citation and internal quotation marks omitted); *Mourey v. Bowen*, 2026 WL 467567, at *5 (C.D. Cal. Jan. 31, 2026) (same).

Finally, the third factor examines the government's interest, which here would be its interest in detaining petitioner absent additional process.  As other courts have repeatedly recognized, "there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a pre-detention hearing."  *Meneses*, 811 F. Supp. 3d at 1164; *see also R.D.T.M.*, 2025 WL 2686866, at *6 (collecting cases); *Pinchi*, 792 F. Supp. 3d at 1036; *Hasratyan v. Bondi*, 2026 WL 288909, at *4 (C.D. Cal. Feb. 2, 2026); *Yataco v. Warden, Adelanto Det. Facility*, 2025 WL 4065463, at *6 (C.D. Cal. Dec. 26, 2025).  The cost of providing a pre-deprivation

7

hearing to petitioner is minimal and custody hearings are routinely conducted by Immigration Courts. *See Singh v. Bowen*, 2025 WL 3251437, at *7 (C.D. Cal. Nov. 21, 2025) (citations omitted); *see also Pinchi*, 792 F. Supp. 3d at 1036. Moreover, because petitioner has already been found not to be a danger to the community or a flight risk by respondents, the government has minimal interest in detaining him at all, absent some showing of changed circumstances. *See Hernandez*, 872 F.3d at 994 ("[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions.").

In sum, given petitioner's strong interest in being free from immigration detention, the high risk of erroneous deprivation of his liberty interest, the high value of additional procedural safeguards, and the lack of government interest in detaining petitioner without additional process, all three of the *Mathews* factors strongly favor petitioner. Therefore, the government's re-detention of petitioner without adequate process violated petitioner's right to procedural due process under the Fifth Amendment. Because petitioner's re-detention was unlawful, the proper remedy is release from custody. *See Singh*, 2025 WL 3251437, at *9; *Yataco*, 2025 WL 4065463, at *7; *see also Faizyan v. Casey*, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025) (collecting cases).

**3.     Petitioner Is Entitled to a Pre-Deprivation Bond Hearing Before Any Future Re-Detention**

Typically, "the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (citation omitted). In the context of both parole and probation revocations, the nearest analogues to petitioner's immigration parole revocation, the Supreme Court has required pre-deprivation hearings to determine whether an individual's release may be revoked. *See Morrissey*, 408 U.S. at 480-86; *see also Gagnon*, 411 U.S. at 782. Given petitioner's substantial liberty interest and the high risk of erroneous deprivation of that interest absent such a pre-deprivation hearing, due process requires a pre-deprivation hearing.

8

*See e.g., Singh*, 2025 WL 3251437, at *8; *Yataco*, 2025 WL 4065463, at *7; *R.D.T.M.*, 2025 WL 2686866, at *6 (collecting cases).  In the immigration parole revocation context, courts have routinely found that individuals should be "afforded a hearing before a neutral decisionmaker prior to any re-arrest or re-detention to determine if the government has demonstrated by clear and convincing evidence that his detention is necessary to prevent danger to the community or flight."  *Singh*, 2025 WL 3251437, at *8; *Yataco*, 2025 WL 4065463, at *7; *R.D.T.M.*, 2025 WL 2686866, at *8; *Pinchi*, 792 F. Supp. 3d at 1038; *Padilla v. Bowen*, 2025 WL 3251368, at *10 (C.D. Cal. Nov. 21, 2025).

**C.    <u>Petitioner's Remaining Claims</u>**

Petitioner also argues that respondents have violated his rights to substantive due process under the Fifth Amendment, the INA, and the APA.  Petition ¶¶ 58-84.  Because the court has already concluded that petitioner is entitled to release on procedural due process grounds, it need not address petitioner's remaining claims.  Petitioner may raise these claims again if he is subject to any future detention.

//

//

//

9

## IV.

## **ORDER**

IT IS THEREFORE ORDERED that: (1) Judgment will be entered granting the Petition; (2) respondents shall immediately release petitioner from immigration custody, subject to appropriate conditions of supervision; (3) respondents shall return any confiscated property and documents to petitioner upon his release; (4) respondents are enjoined and restrained from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation hearing before a neutral decisionmaker, that petitioner presents a flight risk or a danger to the community; and (5) respondents shall file a status report no later than **May 4, 2026** confirming that petitioner has been released from respondents' custody.

Dated: April 29, 2026

SHERI PYM
United States Magistrate Judge

10